UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CYNTHIA GRATTON LLC, D/B/A** Green Acres Cafe,<br><br>  **Plaintiff,**<br><br>v.<br><br>**ORIGINAL GREEN ACRES CAFE LLC, MABLE L. GRATTON GREEN, ANTHONY B. "TONY" GREEN, JR.,**<br><br>  **Defendants.** | Case No.: 2:20-cv-02085-MHH |

## MEMORANDUM OPINION

Cynthia Gratton LLC, d/b/a/ Green Acres Cafe, has moved for a default judgment against Original Green Acres Cafe LLC, Mable L. Gratton Green, and Anthony B. Tony Green, Jr. (Docs. 18, 25).[1] Green Acres seeks damages from the defendants for Original Green Acres Cafe's alleged trademark infringement,

---

[1] Green Acres Cafe, Inc. did business as Green Acres, and many of the documents before the Court refer to Green Acres Café, Inc. as Green Acres. After the Court held a hearing on the plaintiff's motion for a default judgment, Cynthia Gratton LLC, d/b/a Green Acres Café, acquired the rights of Green Acres Café, Inc. "in its mark and trade dress." (Doc. 25, p. 1). Pursuant to Rule 1 of the Federal Rules of Civil Procedure, the Court deems Cynthia Gratton LLC's notice of acquisition of the rights of Green Acres Café in its mark and trade dress as a motion to substitute Cynthia Gratton LLC, d/b/a Green Acres Café, as the plaintiff in this action pursuant to Rule 17 of the Federal Rules of Civil Procedure. The Court grants the motion. The Clerk of Court shall please substitute Cynthia Gratton LLC, d/b/a Green Acres Café, for Green Acres Café, Inc. as the plaintiff on the docket sheet in this action. For purposes of clarity, the Court refers to the plaintiff as Green Acres throughout this opinion. The Court refers to defendant Original Green Acres Cafe LLC as Original Green Acres Cafe.

1

trademark dilution, and false designation of origin.  (Doc. 1, pp. 6-9, ¶¶ 36-55). Original Green Acres Cafe, Ms. Gratton Green, and Mr. Green have not appeared in this action.

On January 31, 2022, Green Acres moved for entry of default against Original Green Acres Cafe, Ms. Green, and Mr. Green.  (Docs. 14, 15, 16).  The same day, the Clerk of Court found Original Green Acres Cafe, Ms. Gratton Green, and Mr. Green in default and advised Green Acres of its opportunity to seek a judgment for damages from the defendants.  (Doc. 17).  Green Acres has moved for a default judgment and has filed evidence to support its motion.  (Doc. 23).  The Court held a hearing on the motion for default judgment and received evidence at the hearing. (June 16, 2022 minute entry).  For the reasons discussed below, the Court grants Green Acres's motion and enters judgment in Green Acres's favor.

**STANDARD FOR DEFAULT JUDGMENT**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, as in this case, the Clerk of Court may enter a clerk's default.  FED. R. CIV. P. 55(a).  Second, after entry of the clerk's default, if the defendant is not an infant or incompetent person, a district court may enter a default judgment against the defendant because of the defendant's failure to appear or defend.  FED. R. CIV.

P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters default under Rule 55(a), a district court must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

**FACTUAL ALLEGATIONS**

Green Acres alleges that it began operating in Birmingham, Alabama in 1958. (Doc. 1, p. 3, ¶ 10). In 1994, Greg Gratton, the current president of Green Acres, registered the GREEN ACRES trade name with the Alabama Secretary of State. (Doc. 1, p. 3, ¶¶ 12, 14). Green Acres uses green as the primary color mark on signs

and menus and on the restaurant's website. (Doc. 1, p. 4, ¶ 16). Green Acres has several franchised locations in Alabama, all of which feature a green awning or accents and menus and signage with the words "Green Acres." (Doc. 1, p. 4, ¶ 20).

Ms. Gratton Green and Mr. Green formed Original Green Acres Café, LLC on August 27, 2018. (Doc. 1, p. 4, ¶ 21). Ms. Gratton Green and Mr. Green operated two stores in Alabama using the name "The Original Green Acres Cafe." (Doc. 1, pp. 4-5, ¶¶ 22-23). Both stores featured a green awning and accents with signage and menus displaying a rooster with the words, "Green Acres." The menu for the Original Green Acres Cafe offered items that resembled the menu items at Green Acres restaurants. (Doc. 1, pp. 4-5, ¶¶ 20, 22, 23).

Green Acres asserts that the defendants did not ask for permission to use the Green Acres trade name or marks. (Doc. 1, p. 5, ¶ 26). Green Acres has asked the defendants to stop using the Green Acres protected trade name and marks, but the defendants have not complied with those requests. (Doc. 1, p. 5, ¶¶ 27-28). Green Acres alleges that the defendants' misuse of the Green Acres trade name and marks has caused customer confusion and has damaged Green Acres's goodwill and reputation and the value of the Green Acre marks and brand. (Doc. 1, pp. 5-6, ¶¶ 29, 31, 35).

## DISCUSSION

### Subject Matter Jurisdiction

Before a district court may enter a default judgment, the court first must confirm that it has subject matter jurisdiction. *Smarter Every Day, LLC v. Nunez*, No. 15-1358, 2017 WL 1247500, at *2 (N.D. Ala. Apr. 5, 2017) (citing *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). The Court has subject matter jurisdiction over Green Acres's federal trademark claims under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and jurisdiction over Green Acres's state law claims under 28 U.S.C § 1367. (Doc. 1, p. 3, ¶¶ 7-9).

### Personal Jurisdiction

To enter a default judgment, a district court also must confirm that it may exercise jurisdiction over the defendants. *Oldfield v. Pueblo Da Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). With permission from the Court, (Doc. 12), Green Acres served the defendants by publication, (Docs. 14-2, 15-2, 16-2). The published notices satisfy the requirements of Fed. R. Civ. P. 4.3(d). Therefore, the Court may exercise personal jurisdiction over Original Green Acres Cafe, Ms. Gratton Green, and Mr. Green.

### Trademark Claims

Green Acres asserts a claim against Original Green Acres Cafe, Ms. Gratton Green, and Mr. Green under the Lanham Act for trademark infringement. (Doc. 1,

pp. 6-7). To establish liability for trademark infringement under the Lanham Act, "a plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010) (quotation marks and citation omitted). Green Acres has registered "Green Acres" as a trademark. (Doc. 1, p. 3, ¶ 14). Accordingly, Green Acres has rights in the "Green Acres" mark.

To determine whether a likelihood of confusion exists, a district court evaluates seven factors:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Tana*, 611 F.3d at 774–75 (citing *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1360 (11th Cir. 2007)). "The extent to which two marks are confusingly similar cannot be assessed without considering all seven factors to ensure that the determination is made in light of the totality of the circumstances." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987).

Green Acres's allegations plausibly satisfy the seven factors. First, as a registered trademark, "Green Acres" is a strong mark. *See Sovereign Military Hospital Order v. Fla. Priory of Knights Hospitallers*, 809 F.3d 1171, 1184 (11th Cir. 2015). Second, Green Acres's mark and Original Green Acres Cafe's mark are identical in spelling with some variations in font. (*Compare* Doc. 23-1, p. 2, *with* Doc. 23-2, p. 3). Third, the food offered under the two marks is very similar. (Doc. 1, p. 4, ¶ 25). Green Acres serves "fried chicken wings, catfish, pork chops, okra and fried green tomatoes, cake, and 'all the way sauce.'" (Doc. 1, p. 4, ¶ 20). Original Green Acres Cafe's menu advertises fried chicken wings, fried green tomatoes, and "all the way sauce." (Doc. 23-2, pp. 1-2). Fourth, Green Acres and Original Green Acres Cafe operate dine-in restaurants in the greater Birmingham area, and customers eat at both Green Acres restaurants and Original Green Acres restaurants. (Doc. 1, pp. 4-5, ¶¶ 17, 20, 22, 29, 30). Regarding the fifth prong, Green Acres and the Original Green Acres Cafe both engage in internet marketing. (Doc. 1, p. 6, 11, ¶ 32). For purposes of Green Acres's motion for default judgment, the defendants admit that customers have confused Green Acres and the Original Green Acres Café restaurants. (Doc. 1, p. 5, ¶¶ 29, 30). For purposes of Green Acres's motion for default judgment, the Court infers from the defendants' failure to respond to Green Acres's requests to stop using the Green Acres trade name and marks that the defendants intended to appropriate Green Acres's good will.

Accordingly, Green Acres is entitled to default judgment on its claim of trademark infringement under the Lanham Act.[2]

**Remedies**

Green Acres seeks injunctive relief, treble damages, and attorneys' fees. (Doc. 24).

1. Injunctive Relief

In a Lanham Act case, a district court may issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of trademark law. 15 U.S.C. § 1116(a). A court must apply "the traditional four-factor framework that governs the award of injunctive relief." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006). "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3)

---

[2] Green Acres also alleges trademark dilution under 15 U.S.C. §§ 1051 *et seq.* of the Lanham Act, (Doc. 1, p. 8, ¶ 50); false designation of origin under § 43(a) of the Lanham Act, (Doc. 1, pp. 15–16); and trademark infringement, dilution, and false designation of origin under Ala. Code §§ 8-12-1, *et seq.*, (Doc. 1, pp. 6-9). *See ZP No. 314, LLC v. ILM Capital, LLC*, 335 F. Supp. 3d 1242, 1267 (S.D. Ala. 2018) ("Under the Alabama Trademark Act, Ala. Code § 8-12-1, *et seq.*, any person who uses a registered mark 'in connection with a business, or with the sale, offering for sale, or advertising of any goods or services' in a manner that is 'likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services or the sponsorship of such business' is liable to the owner of the registered mark for trademark infringement. Ala. Code § 8-12-16."). Because Green Acres has an adequate basis for equitable relief and an award of damages under its Lanham Act infringement claim, the Court will not evaluate Green Acres's other Lanham Act claims or state law trademark claims separately.

that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay,* 547 U.S. at 391.

The Eleventh Circuit has held that trademark infringement "by its nature causes irreparable harm." *North Am. Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227 (11th Cir. 2008) (internal quotation marks and citation omitted). By their default, the defendants have admitted that Green Acres has experienced harm to its goodwill and reputation. (Doc. 1, p. 6, ¶ 35; *see also* Doc. 1, pp. 5-7, ¶¶ 30-31, 39). This harm is difficult to reverse and cannot be remedied with compensatory damages. Green Acres's interest in controlling its mark outweighs any harm to Original Green Acres Cafe, Ms. Gratton Green, and Mr. Green, and an injunction would not disserve the public. Accordingly, Green Acres is entitled to a permanent injunction regarding the defendants' use of the "Green Acres" mark and "originalgreenacrescafe.com" domain name.[3]

---

[3] At the time of the hearing on Green Acres's motion for default judgment, Ms. Gratton Green and Mr. Green had closed the Original Green Acres restaurants, but Green Acres has represented to the Court that Ms. Gratton Green and Mr. Green have threatened to develop additional restaurants. (Doc. 24). Therefore, Green Acres's request for injunctive relief is not moot. *Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001) ("A claim for injunctive relief may become moot if: '(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violations.'") (internal quotation marks and citation omitted).

2. Damages

In a trademark infringement case under the Lanham Act, a district court may award actual damages or lost profits. A district court may award actual damages "by calculating the amount of royalty payments" a plaintiff "would have received during the period that the defendants were diluting or using a colorable imitation" of the plaintiff's trademark "had the defendants been a genuine [] franchise." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990). Based on the evidence introduced during the June 16, 2022 hearing in this matter, the Court finds that Green Acres has incurred actual damages of $70,000.00 in franchise fees and royalties for four months of operation of the defendants' Montgomery restaurant. Under 15 U.S.C. § 1117(a), the Court may award a sum above the amount of actual damages, up to three times the amount of actual damages, but the amount awarded is compensation, not a penalty. The Court will enter judgment in favor of Green Acres in the amount of $140,000 pursuant to 15 U.S.C. § 1117(a) to compensate Green Acres for unpaid royalties and franchise fees, for incidental expenses Green Acres may incurred because of the infringement, and for income Green Acres could have generated had it invested the franchise fees and royalties that the defendants should have paid Green Acres. Green Acres shall also recover the costs of this action. 15 U.S.C. § 1117(a).

3. Attorney's Fees

Green Acres requests an award of $14,582.00 in attorney's fees for the 84.4 billable hours that attorney Tripp Watson and others in his firm worked on this case at an hourly rate of $175 per hour. (Doc. 25, pp. 4, 7). "[C]ourts may award reasonable attorney fees to the prevailing party 'in exceptional cases'" under 15 U.S.C. § 1117(a). *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001). "Exceptional cases are those where the infringing party acts in a 'malicious, fraudulent, deliberate, or willful manner.'" *Planetary Motion*, 261 F.3d at 1205 (quoting *Burger King Corp. v. Pilgrim's Pride Corp.,* 15 F.3d 166, 168 (11th Cir. 1994)). The Court has inferred from the defendants' failure to respond to Green Acres's requests to stop using the Green Acres trade name and marks that the defendants' conduct was intentional. Therefore, this matter qualifies as an exceptional case. Green Acres shall recover $14,000 in attorney fees; that amount is reasonable for this case, discounting fees for the second service of process.

**CONCLUSION**

For the reasons discussed above, the Court grants Green Acres's motion for default judgment against Original Green Acres Cafe, Mable L. Gratton Green, and Anthony B. Tony Green, Jr. (Doc. 18). By separate order, the Court will enter

11

judgment in favor of Green Acres and permanently enjoin the defendants from infringing on the Green Acres trademark.

**DONE** and **ORDERED** this January 27, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE